# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 20, 2010

No. 09-40299
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSE TREVINO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-290-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea, Jesse Trevino was convicted of one count of conspiring to possess more than 1000 kilograms of marijuana and more than five kilograms of cocaine with intent to distribute and one count of conspiring to launder money. The district court sentenced him to serve 140 months in prison and a three-year term of supervised release. In the sole issue presented in this appeal, he argues that the district court committed clear error by concluding that an allegedly inoperable firearm found in his garage, which was used to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unload and store illegal drugs, was possessed in connection with his offense and by imposing the corresponding sentencing enhancement found in U.S.S.G. § 2D1.1(b)(1).

Our review of the record does not show that a connection between the firearm found in Trevino's garage and his drug-related offense was "clearly improbable." *See* U.S.S.G. § 2D1.1, comment. (n.3). To the contrary, this review shows "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764-65 (5th Cir. 2008). Consequently, the district court did not clearly err by imposing the disputed adjustment. *See id.* at 765. We reject Trevino's contention that application of the adjustment was improper due to the firearm's inoperable status because this factor is not dispositive. *See United States v. Paulk*, 917 F.2d 879, 882 (5th Cir. 1990); *see also United States v. Jacquinot*, 258 F.3d 423, 431 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.